Curia, per

O’Neall, J.
The only question necessary to be considered is, whether the note declared on is a promissory note. Chitty on Bills, 54, says, that there are two principal qualities essential to the validity of a bill or note — first, that it be payable at all events, not dependant on any contingency, nor payable out of a particolar fund — and secondly, that it be payable for money only.
The note in this case is payable “ as soon as I am in possession of funds to do so from the estate of Bellune.” If the maker had neter received those funds, he never could have been made liable on the note. It was therefore payable,on a contingency. It was to be paid, too, out of the funds of the *93 estate of Bellune. Hill vs. Halford et al. (2 Bos. & Pul. 413,) is exactly parallel to the case before us, Halford and another sued HilJ, as the maker of a note, thereby promissing to pay them £190 on the sale or produce, immediately when sold, of the White Hart Inn, St. Alban’s, Herts, and the goods, &c., value received. The declaration averred a sale of the Inn and goods, before the commencement of the action. After judgment in K. B. by default, writ of inquiry executed and general damages recovered, Hill brought a writ of error in the Exchequer Chamber, and the Court held that this promise could not be declared on as anote, and therefore reversed the judgment. That case, it will be observed, is identical with this in two particulars ; that it was dependant for payment on funds hereafter to be obtained, and that the declaration there, as in this case, averred that such funds had been obtained. So, in the case of Carlos vs. Fancourt, (5 T. R. 482,) it was held that a note, whereby Carlos promised to pay Fancourt’s wife the sum of £10 out of his money that should arise from his reversion of £43 lohen sold, was held not to be a note within the statute 3 and 4 Ann, c. 9. That case, like this, was a promise to pay on an uncertain future event and out of a particular fund. Many other cases of a similar kind might be cited, but the authorities are so uniform and clear on the subject, that it would be a waste of time to state them further. The only cases which can be found, where notes payable out of a fund are held to be promissory notes, are where there is an unconditional promise to pay at a certain time, and the fund is designated as the means of payment: then, after the time has elapsed, the promise is absolute and the liability to pay perfect, without any reference to the fund. As in the cases of McLeod vs. Snee, (Str. 762,) and Burchell admr. vs. Slocock, (Ld. Ray’d. 1545.)
It was objected on the part of the plaintiff that the defect in this case was apparent on the face of the record, and ought to have been taken advantage of by demurrer, and could now be resorted to. But this is a mistake — defects of form are *94 aided by verdict. This however, is a defect of substance, both in the declaration and in the proof. If the note be not a promissory note within the statute, then it was necessary in the declaration to declare upon it as a common law instrument. In such a case the consideration must be stated and the agreement consequent thereupon ; and the condition precedent to the liability must be averred to have happened. All these matters must be proved as laid. In the declaration before us, the note is stated as the promise, and the happening of the contingency or performance of the condition is averred. But nothing is said in the declaration, nor was there any pi oof given on the trial, about the consideration. The plaintiff was therefore, neither on his allegation, nor proof, entitled to recover. (Chitty on Bills 7, 88, 89.) In addition to these authorities, it is only necessary to refer to the cases of Hill vs. Halford, (2 Bos. & Pul. 413,) and Carlos vs. Fancourt, (5 T. R. 482,) by which it will be seen that the objection that an instrument declared on as a promissory note which cannot in law be so regarded, may, even after a judgemnt by default and writ of enquiry executed and damages recovered, be taken advantage of and the judgment reversed. This shews the objection to be one of substance, which cannot be cured by pleading, and hence the party was entitled to move on the trial for a non-suit, and is here entitled to renew it. It would have been proper on the trial below that the judge should have granted the motion for a non-suit, but as he overruled it, and the parties have been put to the expense of a full trial, and of a motion in this Court, and as many precedents as Jamieson vs. Lindsay, (4 M’C. 93,) justify us íd refusing here to non-suit the plaintiff, but to order a new trial and give the plaintiff leave to amend, that course will now be pursued. A new trial is ordered, and the plaintiff has leave to amend his declaration by adding a count as on a common law instrument.
Munro for the motion ; Harllee, contra.
Richardson, Earle and Butler, JJ. concurred.